UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD COLON,

                                        Petitioner,

        -against-                                        9:10-CV-00920 (LEK)

M. BRADT,

                                        Respondent.

_____

**DECISION and ORDER**

## I.    INTRODUCTION

        Petitioner Edward Colon ("Petitioner") seeks a writ of habeas corpus pursuant to 28

U.S.C. § 2254 from his 2002 judgment of conviction in Albany County Court of third degree

criminal possession of a weapon.  Dkt. No. 1 ("Petition") at 2-3.  Petitioner was sentenced as a

second felony offender to serve between three and one-half and seven years in prison.[1]  Pet. at 2;

Dkt. No. 18 at 3.  The New York Appellate Division, Third Department, affirmed the conviction

on February 24, 2005, and the New York Court of Appeals denied leave to appeal on February

14, 2006.  People v. Colon, 15 A.D.3d 777 (N.Y. App. Div. 2005), leave denied 6 N.Y.3d 811

(N.Y. 2006).

        In a Decision and Order dated August 17, 2010, Respondent was directed to file an

_____

        [1]  On May 23, 2011, Petitioner was released from custody to parole supervision.  Dkt. No.
26.  Since Petitioner was in custody when he filed his Petition, the Court retains jurisdiction over
the Petition.  Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  The Petition also does not
appear to have been rendered moot by Petitioner's release from prison because he challenges his
underlying criminal conviction, and his sentence will not expire until November 21, 2014.
http://nysdoccs lookup.doccs.ny.gov; Spencer v. Kemna, 523 U.S. 1, 12 (1998); Cobos v. Unger,
534 F. Supp. 2d 400, 403 (W.D.N.Y. 2008).

answer limited to the issue of whether the Petition was timely under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), and whether equitable tolling should apply.

Dkt. No. 8 at 4-5. On January 14, 2011, Respondent filed the required answer, a memorandum

of law, and the relevant state court records. Dkt. Nos. 18 ("Respondent's Memorandum"), 19,

20. Petitioner then filed a Reply, received by the Court for filing on March 7, 2011. Dkt. No. 22

("Reply"). For the reasons that follow, the Petition is denied and dismissed.

Petitioner raises the following grounds for habeas relief: (1) the trial court improperly

charged the jury on presumptions of possession with regard to the firearm at issue in his case; (2)

the trial court improperly denied his request to instruct the jury on circumstantial evidence; (3)

the prosecutor engaged in misconduct; and (4) the evidence was legally insufficient. Pet. at 2, 7-

12.

## II.    DISCUSSION

### A. Timeliness of Petition

The AEDPA established a one-year statute of limitations for prisoners to seek federal

review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period

generally begins to run from the latest of several events: (1) the date on which the state criminal

conviction became final by the conclusion of direct review or by the expiration of the time to

seek direct review; (2) the date on which an unconstitutional, state-created impediment to filing a

habeas petition is removed; (3) the date on which the Supreme Court initially recognized the

constitutional right on which the petitioner bases his habeas application if that right was newly

recognized and made retroactively applicable; or (4) the date on which the petitioner could have

discovered the factual predicate for the claim or claims presented through the exercise of due

diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641,

652-53 & n.9 (2012).

      For purposes of § 2244, a state conviction becomes "final" when the United States

Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari

has expired, which is ninety days after the date on which the highest court in the state has

completed direct review of the case. Thaler, 132 S. Ct. at 653; Saunders v. Senkowski, 587 F.3d

543, 548-49 (2d Cir. 2009), cert. denied 131 S. Ct. 899 (2011).

      In this case, the New York Court of Appeals denied leave to appeal on February 14, 2006.

People v. Colon, 6 N.Y.3d 811 (N.Y. 2006). Petitioner's conviction became final for purposes of

AEDPA ninety days later on May 15, 2006, Thaler, 132 S. Ct. at 653, and Petitioner therefore

had until May 15, 2007 to file a timely petition. The Petition presently before the Court was

signed[2] on July 26, 2010, several years after the expiration of the statute of limitations under 28

U.S.C. § 2244(d)(1)(A).[3] Pet. at 22.

---

    [2] Under the "mailbox rule," a petitioner's application is deemed filed on the date he
delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988);
Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001). The Court assumes that Petitioner gave his
Petition to prison officials for filing on the same day he signed it.

    [3] Petitioner appears to argue in his Petition that the statute of limitations should run from
an unspecified date in June 2010 pursuant to § 2244(d)(1)(D), which provides that habeas relief
may be sought even after a conviction has been final for one year in cases where newly
discovered evidence supports a petitioner's claim, because the "underlying facts of the claims
raised were not previously known" to him until June 2010. Pet. ¶18; 28 U.S.C. § 2244(d)(1)(D).
In his Reply, however, Petitioner agrees that § 2244(d)(1)(A) applies to his Petition, and makes
clear that his argument is not that he "recently discovered the Grounds for relief raised within his
federal [P]etition, but rather, that counsel completely fail [sic] to file the explicitly instructed, and
paid for, application." Reply ¶ 28; see also id. ¶¶ 6-7, 9-11, 25. In other words, Petitioner's
argument is that he is entitled to equitable tolling based upon counsel's alleged conduct, not that
the limitations period should run from a date other than May 15, 2006, when his conviction

(continued...)

### 1. Statutory tolling under AEDPA

The one-year limitations period under the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). The tolling provision excludes from the limitations period only the time that the state-relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548; Smith, 208 F.2d at 16.

Petitioner filed a motion to vacate his conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, on May 13, 2010. Resp't's Mem. at 6.[4] Petitioner also filed an application for a writ of error coram nobis on July 8, 2010. Dkt. 1-1 at 8; Resp't's Mem. at 6. Because each of these state court proceedings were filed and decided after the one-year limitations period expired, they do not operate to toll the statute of limitations. 28 U.S.C. § 2244(d)(2); Smith; 208 F.3d at 16-17. See Monroe v. Rock, No. 09-CV-6366, 2011 WL 1792926, at *2 (W.D.N.Y. May 10, 2011) (explaining that statutory tolling applies only if a state court application for relief was pending during the one-year limitations period).

### 2. Equitable tolling

---

[3](...continued)
became final.

[4] No copy of the section 440 motion or the state court decisions disposing of the motion were provided to the Court.

The AEDPA's one-year statute of limitations period is subject to equitable tolling in "appropriate cases." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). "The term 'extraordinary' does not refer to the uniqueness of petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA limitations period.'" Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (quoting Diaz, 515 F.3d at 154). The decision as to what are the appropriate circumstances is left to the discretion of the district court. Belot v. Burge, 490 F.3d 201, 206-207 (2d Cir. 2007). The exercise of a court's equity powers must be made on a case-by-case basis, "mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (quoting Holland, 130 S. Ct. at 2563).

Additionally, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003)

(quoting <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001)); <u>Mason v. Pool</u>, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Petitioner's argument in support of equitable tolling is that the attorney who represented him during his state court proceedings from arraignment through appeal, Gaspar M. Castillo, Jr., was paid a fee and instructed to file a federal habeas petition, but did not do so.  Reply ¶¶ 10, 28; <u>see also</u> <u>id.</u> ¶ 40 ("[P]etitioner's late filed [P]etition was solely as a result of counsel's explicit assurances that he would, and did file a section 2254 petition.").  Petitioner asserts that Castillo orally agreed to "file a direct appeal and any other collateral proceeding necessary," and was paid approximately $15,000.00 "for these services." <u>Id.</u> ¶ 20.  He further states that while his direct appeal was pending, he was free on bail and in contact with Castillo, who made an "express oral agreement" to file a federal habeas petition after the New York Court of Appeals denied his leave application. <u>Id.</u> ¶ 23.

Petitioner failed to surrender to authorities and was arrested and taken into custody to begin serving his sentence. <u>Id.</u> ¶ 24.  He states that at that time, he was "under the impression" that Castillo had filed a federal habeas petition, and, according to Petitioner, Castillo told him that "these petitions may take years to litigate." <u>Id.</u>  Petitioner states that he did not make any direct inquiry regarding the status of his federal petition "until advised to by an assigned inmate para-legal [sic] at the Elmira Correctional Facility in June, 2010." <u>Id.</u>  Petitioner also did not seek copies of appellate briefs or the state court decisions until June 2010. <u>Id.</u> ¶ 25.  Finally, Petitioner states that he has no documentation in support of his claims because "counsel failed to memoralize the retainer contract." <u>Id.</u> ¶ 36.

Castillo refutes Petitioner's claims that he was retained to file a federal petition at all, or

that he told Petitioner he would do so.  Specifically, Castillo avers that he "never told Mr. Colon, nor anyone else, that I would prepare and file a habeas corpus petition on his behalf, nor was I retained or hired to do so."  Declaration of Gaspar M. Castillo, Jr. (Dkt. No. 20-4) ("Castillo Declaration") ¶ 5.

An attorney's conduct, if "sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA."  Baldayaque, 338 F.3d at 152-53.  For example, equitable tolling may be appropriate where an attorney deliberately fails to file a habeas petition after being explicitly instructed to do so, in combination with the failure to conduct any legal research on the case and failing to inform the client.  Id. at 152-53; see also Holland, 130 S. Ct. at 2564-65; Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (extraordinary circumstances found where petitioner "urged [counsel]  to file a timely petition" and counsel "in effect admitted affirmatively and knowingly *misleading* [petitioner] by promising that he would file the petition before [the deadline]") (emphasis in original).  In contrast, less culpable attorney error is "inadequate to create the 'extraordinary' circumstances equitable tolling requires."  Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001) (attorney's mistaken belief that the tolling period reset after each state collateral application for relief did not constitute extraordinary circumstances).

Here, Petitioner's attorney disputes that he was retained to file a federal habeas petition at all.  Castillo Decl. ¶ 5.  However, even assuming that Petitioner believed he had retained Castillo to prepare and file a federal habeas petition, Petitioner did not act as diligently as reasonably could be expected under the circumstances.  Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); see also Dawson v. Phillips, No. 05-CV-1355, 2005 WL 3479881, at *3 (E.D.N.Y. Dec. 20,

2005) ("A reasonably diligent petitioner would have filed the petition far earlier, with or without the documents, and informed the court of the attorney's actions frustrating the filing of the petition."). The act "of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." Menefee, 391 F.3d at 175. Unlike in Dillon and Holland, Petitioner makes no allegation, and there is no basis to conclude, that Castillo ignored communication from Petitioner, or that any other conduct by Castillo prevented Petitioner from filing a timely federal petition. Moreover, Petitioner made no attempt to contact Castillo – or the courts – after he began serving his sentence, or at any other time in the subsequent years that he seeks to toll, to inquire into the status of the petition he claims to have believed was filed. Indeed, Petitioner concedes that he did not inquire into the status of the federal petition he believed had been filed until June 2010, several years after the limitations period ran. Pet. ¶ 18; Reply ¶¶ 24-25; see Harper, 648 F.3d at 136 ("the requirements of tolling," including the due diligence requirement, "must be satisfied throughout the period to be tolled.").

To the extent that Petitioner argues he did not have access to trial transcripts, appellate briefs, or state court decisions until June 2010, he has not explained how those circumstances prevented him from timely filing his Petition. Petitioner states in his reply papers that he discussed the grounds raised on appeal with Castillo and that the appellate brief was filed "on or about April 26, 2004." Reply ¶ 21. Petitioner states that Castillo advised him on or about February 25, 2005, that his conviction had been affirmed. Unlike in Holland, Petitioner was notified on or about February 15, 2006 that the Court of Appeals denied leave to appeal. Id. ¶ 22. The direct appeal resulted in a published decision. Colon, 15 A.D.3d at 777-80. Petitioner could

have consulted this published decision and submitted a "bare bones" petition stating the grounds set forth in that opinion, whether he had access to the briefs, transcripts, or assistance from an inmate law clerk or not.  Serrano v. Smith, No. 03 Civ. 9107, 2005 WL 1802864, at *6-7 (S.D.N.Y. Jul. 29, 2005).

Finally, Petitioner has not presented any new, credible evidence to support a finding of actual innocence. "'Actual innocence' means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).  A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  A petitioner must support an actual innocence claim "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Menefee, 391 F.3d at 161 (quoting Schlup, 513 U.S. at 324).  As the Supreme Court has stated, this standard "is demanding and permits review only in the 'extraordinary' case."  House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 327) (further citations omitted).

Here, the grounds raised by Petitioner are based upon the trial court's jury charges, the conduct of the prosecutor at trial, and the sufficiency of the evidence presented at trial – none of which are based on new information.  Pet. at 2, 7-12.  Since Petitioner has failed to advance a credible claim of actual innocence based upon new, reliable evidence, the Court need not determine whether actual innocence may toll the statute of limitations in this case.  Brockington v. Marshall, No. 08-0839-pr, 375 F. App'x 157, 158 (2d Cir. 2010); Menefee, 391 F.3d at 161.

-9-

In sum, Petitioner has failed to demonstrate extraordinary circumstances and reasonable diligence that would warrant the Court's equitable tolling of the AEDPA's limitations period. The Petition is therefore dismissed as untimely.

**III.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED,** that the Petition (Dkt. No. 1) is **DISMISSED as untimely**; and it is further

**ORDERED,** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires,[5] and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties

**IT IS SO ORDERED**.

DATED:        April 10, 2012
              Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[5]    See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation") (citation omitted).